FILED
United States Court of Appeals
Tenth Circuit

June 24, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MARK ANTHONY HANKERSON,

Defendant-Appellant.

No. 14-3043
(D.C. No. 6:13-CR-10113-EFM-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **EBEL**, and **PHILLIPS**, Circuit Judges.

Mark Anthony Hankerson entered a guilty plea to interference with commerce by means of robbery and brandishing a firearm during and in relation to a crime of violence. He was sentenced to 120 months' imprisonment. Mr. Hankerson's plea agreement contained a waiver of his right to appeal or collaterally attack his convictions and sentence.

---

[*] This panel has determined that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In spite of this waiver, Mr. Hankerson filed a pro se notice of appeal in which he states that he wants to appeal his sentence of 120 months. The government moved to enforce the appeal waiver pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (per curiam). Mr. Hankerson's attorney filed a response in which she invokes *Anders v. California*, 386 U.S. 738 (1967), and agrees with the government that the motion to enforce should be granted and the appeal dismissed. Mr. Hankerson was then given the opportunity to file a pro se response.

In his pro se response, Mr. Hankerson asserts that his guilty plea was not knowing and voluntary as a result of ineffective assistance of counsel. He further contends that he reserved his right to appeal based on ineffective assistance of counsel. His plea agreement states that "the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct." Mot. to Enforce, Attach. C, at 5 ¶ 9.

We have held "that a plea agreement waiver of postconviction rights does not waive the right to bring a [28 U.S.C.] § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or waiver." *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001). But we have also held that "a defendant must generally raise claims of ineffective counsel in a collateral proceeding, not on direct review. This rule applies even where a defendant seeks to invalidate an appellate waiver based on ineffective assistance of counsel." *United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005) (internal citation omitted).

Accordingly, Mr. Hankerson's potential claim for ineffective assistance of counsel does not provide a basis for denying the government's motion to enforce the appeal waiver in this matter.

We grant the motion to enforce the appeal waiver and dismiss the appeal. This dismissal does not affect Mr. Hankerson's ability to file a 28 U.S.C. § 2255 motion asserting a claim for ineffective assistance of counsel in connection with his guilty plea or appeal waiver.

Entered for the Court
Per Curiam