FILED
United States Court of Appeals
Tenth Circuit

February 4, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

MARK ANTHONY HANKERSON,

      Defendant - Appellant.

No. 14-3195
(D.C. No. 6:13-CR-10113-EFM-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **ANDERSON**, and **BACHARACH**, Circuit Judges.[**]

Petitioner-Appellant Mark Hankerson, a federal inmate appearing pro se, appeals from the district court's denial of his Motion for Leave of Court to Conduct Discovery Pursuant to Rule 6(a) Governing § 2255. United States v. Hankerson, No. 13-10113-EFM, 2014 WL 3955440 (D. Kan. Aug. 13, 2014). The government has moved to dismiss the appeal as frivolous, and we grant the

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

government's motion.

## Background

Pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement with a stipulated sentence of 120 months and a waiver of the right to appeal, Mr. Hankerson pled guilty to one count of interference with commerce by means of robbery and one count of brandishing a firearm during and in relation to a crime of violence. Doc. 37. The court entered judgment on February 10, 2014 reflecting a sentence of 120 months and three years' supervised release, Doc. 43, and Mr. Hankerson filed a notice of appeal. The government sought to enforce the plea agreement and we granted the motion, indicating that Mr. Hankerson could pursue his ineffective assistance of counsel claims in a § 2255 motion. United States v. Hankerson, 568 F. App'x 638, 638–39 (10th Cir. 2014).

Mr. Hankerson subsequently filed a "Motion for Leave of Court to Conduct Discovery Pursuant to Rule 6(a) Governing § 2255." R. 13. He argued that he was entitled to appointment of counsel to conduct discovery in anticipation of an ineffective assistance of counsel claim based upon a failure to request a mental competency hearing. Id. The motion asserted "it is clear that the Petitioner suffers from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." Id.

Rule 6(a) provides that "[i]f necessary for effective discovery, the judge

must appoint an attorney for a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A." Section 3006A, more commonly known as the Criminal Justice Act, provides for appointment of counsel for financially eligible individuals under certain circumstances, including where an individual "is subject to a mental condition hearing under chapter 313," 18 U.S.C. § 3006A(a)(1)(F), and, in § 2255 proceedings, where a court determines that "the interests of justice so require." Id. § 3006A(a)(2)(B).

The district court denied Mr. Hankerson's motion, observing that "there is nothing in the record that makes it clear that Mr. Hankerson suffers from a mental disease or defect that renders him incompetent to understand the proceedings against him or to assist in his defense." R. 18. The court, which Mr. Hankerson appeared before at sentencing, noted that Mr. Hankerson reported no history of mental illness in the Presentence Investigation Report and denied any mental health issues at his change of plea hearing. Id. Mr. Hankerson filed a timely appeal. Doc. 61.

## Discussion

In his pro se appeal, Mr. Hankerson argues the district court abused its discretion in denying his motion. We construe Mr. Hankerson's pro se pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520–21 (1972). A claim is frivolous where it "lacks an arguable basis either in law or in fact." Neitzke v. Williams,

- 3 -

490 U.S. 319, 325 (1989).

We agree with the government that both Mr. Hankerson's appeal and his underlying claim that the district court abused its discretion in denying discovery are frivolous. Mr. Hankerson argues that he had a history of counseling and diagnoses that resulted in him receiving disability benefits. Aplt. Br. 2. Yet he provides no facts that would undermine the district court's reliance on his representations at the change of plea and sentencing hearings that he was competent. As we have pointed out, though appearing pro se, an inmate is responsible for factual development. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). As the district court noted, Mr. Hankerson reported at the presentence investigation stage and the plea change stage that he had no mental health issues.

Thus, we GRANT the government's motion and DISMISS Mr. Hankerson's appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge